# Exhibit A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### Civil Minutes

Date:  2/26/2026                                                                                  Judge:  Hon. James Donato

Time:  11:45 – 11:52 a.m.

Case No.        3:25-cv-06926-JD
Case Name:    Echeverria-Corzan v. Torrid LLC

Attorney(s) for Plaintiff(s):      Stephen Michael Raab
Attorney(s) for Defendant(s):    Wynter Deagle, Sam Hyams-Millard

Court Reporter: Marla Knox

Deputy Clerk:  Jenny Galang

### PROCEEDINGS

Motion Hearing and Initial Case Management Conference -- Held.

### NOTES AND ORDERS

For the reasons stated on the record, Torrid's request for judicial notice, Dkt. No. 16-2, is denied.

With Echeverria-Corzan's agreement, Torrid's motion to dismiss is granted with prejudice as to the seventh cause of action, trespass to chattels.  For the reasons stated on the record and summarized below, the motion to dismiss is denied in all other respects.

The alleged injury to the plaintiff, disclosure of personal information such as "browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data," Dkt. No. 1 at ¶ 32, has a sufficiently "close relationship" to traditionally recognized harms like invasion of privacy and intrusion upon seclusion to be concrete and confer standing.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021).

For the first and second causes of action, Echeverria-Corzan has plausibly alleged that the disclosure of her personal information, especially after she rejected Torrid's cookies, could be considered highly offensive.  The determination of offensiveness is also better made on a fully developed evidentiary record.

1

For the third cause of action, Echeverria-Corzan has plausibly alleged that the third-parties learn the "contents" of her communications "in transit" when they obtain her user input data in real time.  Dkt. No. 1 at ¶¶ 29, 32.

For the fourth cause of action, Torrid has not shown that CIPA's definition of pen registers is limited to telephone communications.  *See, e.g., Walsh v. Dollar Tree Stores, Inc.*, No. 25-CV-01601-SVK, 2025 WL 2939229, at *18 (N.D. Cal. Oct. 16, 2025) (collecting cases).

For the fifth cause of action, Echeverria-Corzan has plausibly alleged the "who, what, when, where, and how" of the alleged fraud under Rule 9(b).  Dkt. No. 18 at 14-15.

For the sixth cause of action, although the status of unjust enrichment as an independent cause of action under California law is not clear, Echeverria-Corzan will be allowed to proceed on her unjust enrichment claims at this stage of the case.  *See Sinatro v. Welch Foods Inc.*, No. 3:22-CV-07028-JD, 2023 WL 3590681, at *2 (N.D. Cal. May 22, 2023).

The Court will issue a scheduling order.

2