SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppard.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppard.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

SAMUEL Z. HYAMS-MILLARD, Cal Bar No. 317941
shyams-millard@sheppard.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947

Attorneys for Defendant
Safelite Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL WINSTON and DAVID BUEHLER, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFELITE GROUP, INC.,<br><br>Defendant. | Case No. 3:26-cv-00739-JD<br><br>**REPLY IN SUPPORT OF DEFENDANT SAFELITE GROUP'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:    May 21, 2026<br>Time:    11:00 a.m.<br>Crtrm.:   11<br><br>Judge:    James Donato<br><br>Trial Date:         Not Set |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

I.      INTRODUCTION..........................................................................................................1

II.     BUEHLER'S CLAIMS ARE TIME-BARRED .............................................................1

III.    WINSTON'S CLAIMS ARE TIME-BARRED ..............................................................3

IV.     PLAINTIFFS' "MISREPRESENTATION" THEORY OF STANDING FAILS ................4

V.      PLAINTIFFS' CLAIMS ARE SUBJECT TO AND FAIL TO SATISFY RULE
        9(B).................................................................................................................................6

VI.     PLAINTIFFS' COMMON LAW PRIVACY CLAIMS FAIL ............................................7

VII.    PLAINTIFFS' CIPA CLAIMS ARE INADEQUATELY PLED.........................................7

        A.      Plaintiffs' Section 631(a) Claims Are Inadequately Pled ...........................................7

        B.      Plaintiffs' CIPA Section 638.51 Claims Are Inadequately Pled...............................9

VIII.   UNJUST ENRICHMENT..............................................................................................10

IX.     CONCLUSION ..............................................................................................................10

TABLE OF AUTHORITIES

Page(s)

Cases

*Aluminicaste Fundicion De Mex. S. De RL CV v. Yu Fen Shen*
2017 WL 2695280 (C.D. Cal. June 22, 2017)................................................................2

*In re Apple Data Priv. Litig.*
2026 WL 146025, at *3 (N.D. Cal. Jan. 20, 2026) ............................................. 9, 10

*California Crane Sch., Inc. v. Google LLC*
722 F. Supp. 3d 1026 (N.D. Cal. 2024) .................................................................. 10

*Crano v. Sojern, Inc.*
2025 WL 2689267 (N.D. Cal. Sept. 19, 2025)..............................................................8

*D'Antonio v. Smith & Wesson Inc.*
2026 WL 446310 (N.D. Cal. Feb. 17, 2026)...........................................................2, 8

*de Ayora v. Inspire Brands, Inc.*
2025 WL 3707561 (N.D. Cal. Dec. 22, 2025) ..................................................... 2, 3, 6

*Doe v. Eating Recovery Ctr.*
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ....................................................................8

*Doe v. Tenet Healthcare Corp.*
789 F. Supp 3d 814 (E.D. Cal. 2025).....................................................................8, 9

*In re Facebook, Inc. Internet Tracking Litig.*
956 F.3d 589 (9th Cir. 2020).................................................................................4, 5

*Fox v. Ethicon Endo-Surgery, Inc.*
35 Cal. 4th 797 (2005)...............................................................................................2

*Gabrielli v. Haleon*
815 F. Supp. 3d 852 (N.D. Cal. 2025) ......................................................................6

*Gabrielli v. Motorola Mobility, LLC*
2025 WL 1939957 (N.D. Cal. July 14, 2025) ..........................................................6

*Garcia v. Blackhawk Network, Inc.*
2026 WL 925028 (C.D. Cal. Apr. 1, 2026).............................................................5, 6

*In re Google Assistant Priv. Litig.*
457 F. Supp. 3d 797 (N.D. Cal. 2020) .......................................................................4

*Hip Hop Beverage Corp. v. Michaux*
2016 WL 8578912 (C.D. Cal. Nov. 30, 2016), *aff'd*, 729 F. App'x 599 (9th Cir. 2018) .........2

*Kolani v. Gluska*
    64 Cal. App. 4th 402 (1998)............................................................................................... 3

*Pemberton v. Rest. Brands Int'l, Inc.*
    2025 WL 3268404 (N.D. Cal. Nov. 24, 2025)..................................................................... 3, 6

*Popa v. Microsoft Corp.*
    153 F.4th 784 (9th Cir. 2025)......................................................................................... 4, 5, 6

*Semien v. PubMatic Inc.*
    2026 WL 216333 (N.D. Cal. Jan. 27, 2026) ........................................................................ 4

*Shah v. MyFitnessPal, Inc.*
    2026 WL 216334 (N.D. Cal. Jan. 27, 2026) ................................................................... 5, 6, 8

*Shah v. Politico LLC*
    2026 WL 323269 (N.D. Cal. Feb. 6, 2026)......................................................................... 3

*Skidgel v. Cal. Unemployment Ins. Appeals Bd.*
    12 Cal. 5th 1 (2021)........................................................................................................... 9

*Valenzuela v. Keurig Green Mountain, Inc.*
    674 F. Supp 3d 751 (N.D. Cal. 2023) ................................................................................. 9

*Walsh v. Dollar Tree Stores, Inc.*
    2025 WL 2939229 (N.D. Cal. Oct. 16, 2025)..................................................................... 6, 7

*Wiley v. Universal Music Grp.*
    2025 WL 3654085 (N.D. Cal. Dec. 17, 2025) ................................................................... 5, 8

*In re Yahoo Mail Litig.*
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................................................. 7

*In re Zynga Priv. Litig.*
    750 F.3d 1098 (9th Cir. 2014)............................................................................................. 7

Statutes

Cal. Penal Code § 638.50(b) ............................................................................................... 10

ECPA.................................................................................................................................... 7

Other Authorities

California Constitution......................................................................................................... 7

## I.     INTRODUCTION

Plaintiffs' entire lawsuit rests on an alleged misrepresentation, yet they argue they need not plead any specifics surrounding their visits to Safelite's Website to establish standing, plausibly state their claims, or establish timeliness. Their arguments are contrary to Ninth Circuit authorities, and the Complaint should be dismissed with prejudice for multiple reasons. *First*, on their face, Plaintiffs' claims are time-barred, and their allegations supporting application of the discovery rule, fraudulent concealment rule, and equitable tolling lack the factual specificity required by Rule 9(b) or applicable law. *Second*, Plaintiffs lack Article III standing because their allegations do not show a highly offensive intrusion. *Third*, because each cause of action is premised entirely on fraud, Plaintiffs' failure to satisfy Rule 9(b) is fatal. *Fourth*, Plaintiffs have not plausibly pled the required elements of their intrusion upon seclusion or CIPA claims. *Fifth*, Plaintiffs' unjust enrichment claim is based on pure speculation untethered to any well-pled facts.

## II.     BUEHLER'S CLAIMS ARE TIME-BARRED

Because the expiration of statutes of limitations is apparent from the face of the Complaint, the Court should squarely reject Buehler's argument that his CIPA and common law privacy claims are timely. Buehler alleges he "visited the Website . . . on one or more occasions during the last four years, including in 2023" (Compl. ¶ 131); therefore, his claims accrued no later than December 31, 2023. Thus, absent tolling, the one-year statute of limitations for his CIPA claims expired on December 31, 2024, and the two-year statute of limitations for his invasion of privacy and intrusion upon seclusion claims expired on December 31, 2025. These claims are plainly time barred because the Complaint was not filed until January 23, 2026.

Buehler's arguments that his CIPA and common law privacy claims are not time barred due to delayed discovery, fraudulent concealment, or equitable tolling are entirely unavailing. *First*, Buehler's assertion that accrual of his claims was postponed by the discovery rule and fraudulent concealment rule fails because Buehler has not pled facts plausibly supporting the application of either rule. As an initial matter, Buehler's argument that Rule 9(b) does not apply is legally incorrect. Buehler alleges he could not discover his claims because of Safelite's purported "fraudulent conduct" and "active concealment." Having alleged fraud and concealment as the

basis of delayed discovery, Buehler must satisfy Rule 9(b). *See, e.g.*, *Hip Hop Beverage Corp. v. Michaux*, 2016 WL 8578912, at *4–5 (C.D. Cal. Nov. 30, 2016) (requiring a plaintiff's discovery rule argument to satisfy Rule 9(b) when the facts plaintiff identified in support of the discovery rule were based on fraudulent concealment), *aff'd*, 729 F. App'x 599 (9th Cir. 2018).

Further, Buehler must "specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (citation omitted). He does neither. While the Complaint alleges that "Plaintiffs" first learned of their claims from their counsel, it improperly group-pleads these allegations—even though Buehler sent his demand letter nearly two years before Winston joined the lawsuit. (Compl. ¶¶ 15–22.) This improper group pleading does not satisfy Rule 9(b)'s particularity standard.

In addition, merely alleging he learned of his claims "from counsel" is, on its own, insufficient to allege the time and manner of discovery. Courts generally find a plaintiff alleges the time and manner of discovery "when the plaintiff alleges that discovery occurred during a specific month or on a specific date, based on information obtained from a specific third party source." *Aluminicaste Fundicion De Mex. S. De RL CV v. Yu Fen Shen*, 2017 WL 2695280, at *5 (C.D. Cal. June 22, 2017) (finding that plaintiff failed to allege the time and manner of discovery when he alleged he discovered the conduct at an unspecified point in 2016). Here, Plaintiffs do not even identify the *year* of their meeting with counsel, let alone facts prompting them to seek counsel or how counsel learned of the underlying *facts*. This is insufficient to allege the discovery rule.

The Complaint is also devoid of specific, factual allegations regarding the alleged "fraudulent conduct" or "concealment" that allegedly prevented him from discovering his claims. Failing to allege the date of the visits alone demonstrates that Buehler has not satisfied Rule 9(b)'s pleading requirements. *See D'Antonio v. Smith & Wesson Inc.*, 2026 WL 446310, at *6 (N.D. Cal. Feb. 17, 2026) (allegations that plaintiff visited defendant's website "in or around 2024" resulted in a "level of generality [that] fail[e]d to provide [defendant] with adequate notice" or "determine what specific representations regarding cookies were made on its website or how the website was using any cookies placed on users' devices at the time [plaintiff] visited the website"); *de Ayora v.*

*Inspire Brands, Inc.*, 2025 WL 3707561, at *4 (N.D. Cal. Dec. 22, 2025) (holding that pleading "visiting Defendants' websites during the class period" was not sufficient to allege when the misrepresentation was made or where the specific cookie banner was located with particularity). In sum, Buehler's general allegations of delayed discovery and fraudulent concealment do not satisfy Rule 9(b)'s particularity requirement. As a result, his accrual of his claims was not postponed, and his CIPA and common law privacy claims are time barred.

**Second**, Buehler fails to allege any facts that plausibly support an inference of reasonable, good faith conduct required for equitable tolling. "[R]easonable promptness . . . is necessary for relief under [the equitable tolling] doctrine." *Kolani v. Gluska*, 64 Cal. App. 4th 402, 411 (1998). Buehler must allege facts "justifying his delay in filing the complaint." *Pemberton v. Rest. Brands Int'l, Inc.*, 2025 WL 3268404, at *6 (N.D. Cal. Nov. 24, 2025). He has not. In addition, in contrast to most of Plaintiffs' authorities, Safelite's authorities consider nearly identical allegations, arguments, and delays and, in each case, the court dismissed the CIPA claims on statute of limitation grounds, finding that the plaintiff (who was also represented by Buehler's counsel) failed to allege facts establishing the required inference of reasonable and good faith conduct in waiting months to file the complaint. *See id*. (no good faith conduct and no equitable tolling where plaintiff waited nine and a half months to file his complaint following decision from arbitrator); *de Ayora*, 2025 WL 3707561, at *4 (same where plaintiff waited 8 months); *Shah v. Politico LLC*, 2026 WL 323269, at *6 (N.D. Cal. Feb. 6, 2026) (same where plaintiff waited 4 months after sending demand letter to file for arbitration and an additional 6 months after arbitration decision). Here, Buehler alleges no facts justifying the basis for his lengthy delays, including waiting 160 days after sending his demand letter to file an arbitration demand (over 5 months), waiting 300 days for a decision by the arbitrator (over 9 months), or waiting another 247 days (over 8 months) after the arbitrator's order stating his claims were not arbitrable to file his Complaint. His failure to explain how his delays were reasonable and in good faith is fatal. His CIPA and intrusion upon seclusion claims must be dismissed.

## III.    WINSTON'S CLAIMS ARE TIME-BARRED

Winston's CIPA and common law privacy claims are also time-barred. He alleges that he

"visited the Website . . . on one or more occasions during the last four years." (Compl. ¶ 121.) This allegation not only fails to meet the required specificity, it demonstrates accrual of his claims more than two years before the filing of the Complaint. For the same reasons as Buehler, Winston inadequately alleges delayed discovery or fraudulent concealment.

## IV.    PLAINTIFFS' "MISREPRESENTATION" THEORY OF STANDING FAILS

Plaintiffs argue they have Article III standing because their harms are analogous to the common law injury of an intrusion upon seclusion. (*See* Opp'n at 4:1–2, 4:19–21.) To plead intrusion upon seclusion, a plaintiff must show "an intentional interference with his interest in solitude or seclusion" that is "of a kind that would be highly offensive to a reasonable man." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025). The first element requires an "objectively reasonable expectation of seclusion or solitude in the place, conversation or data source"; the second focuses on the "highly offensive" nature of the intrusion, including "the degree and setting of the intrusion, and the intruder's motives and objectives." *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 829 (N.D. Cal. 2020) (citations omitted and cleaned up).

In the web-tracking context, whether an intrusion is highly offensive depends on the information collected. In *Popa*, the Ninth Circuit held that a pet store website's collection of 30 categories of information—including the date of visit, device and browser type, operating system, country, mouse movements, screen swipes, text inputs, and scroll depth—did not constitute a concrete injury because the plaintiff "identifie[d] no embarrassing, invasive, or otherwise private information" collected. 153 F.4th at 786–87, 791. By contrast, courts have found standing where tracking involves sensitive personal information. *E.g.*, *In re Facebook, Inc. Internet Tracking Litig.* ("*In re Facebook*"), 956 F.3d 589, 598 (9th Cir. 2020). In *In re Facebook*, the Ninth Circuit found a concrete injury where plaintiffs alleged Facebook collected and correlated browsing histories with their personal and sensitive information—including employment history and religious affiliations—to build "cradle-to-grave" profiles and that the tracking occurred "after they had logged off the social media platform" and "'no matter how sensitive' or personal users' browsing histories were." 956 F.3d at 598–99. Similarly, courts have found standing where tracking involves sensitive medical information. *See, e.g.*, *Semien v. PubMatic Inc.*, 2026 WL

216333, at *4 (N.D. Cal. Jan. 27, 2026) (standing where data included "health status and treatment, travel plans, political affiliation, sexual orientation, and more").

Plaintiffs' allegations are similar to those in *Popa* (no standing), not *In re Facebook*. Winston alleges visits to a single, retail website. (Compl. ¶ 121.) Buehler alleges that he sought pricing information about how to repair a chip in his windshield. (*Id.* ¶ 132.) Plaintiffs do not allege that the information disclosed on the retail website was "embarrassing, invasive, or otherwise private information" such that its collection was "highly offensive." *Popa*, 153 F.4th at 791. Nor do they allege that *Safelite*, specifically, was amassing "profiles" about them or collected/collated data across other websites. Merely informing a third party about a plaintiff's website interactions is "not sufficient to show that Defendant caused any injury Plaintiff may have suffered as a result of visitor data aggregated by those third parties." *Garcia v. Blackhawk Network, Inc.*, 2026 WL 925028, at *5 (C.D. Cal. Apr. 1, 2026) (citation omitted).

*Garcia* reasoned that a misrepresentation regarding tracking is not sufficient, on its own, to allege a harm analogous to an intrusion upon seclusion. *Id.* In *Garcia*, the plaintiff alleged that a website-owner defendant falsely told its users that data and information about their visits would not be shared with third-parties if they rejected cookies by selecting a "required only" button on a cookie banner. *Id.* at *1. Instead, defendant continued to enable third parties to collect "personal information about their interactions with Defendant, including: browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behavior, device information, referring URL, session information, user identifiers, and geolocation data." *Id.* The Court held that while plaintiff had a reasonable expectation of privacy, she failed to allege facts that "the actual intrusion" was "highly offensive to the reasonable person" because defendant's misrepresentation "goes only to the first element: whether there was an intrusion into a private place. More narrowly, whether Plaintiff had an objectively reasonable expectation of seclusion or privacy in . . . the data." *Id.* at *5. In reaching its holding, *Garcia* rejected cases Plaintiffs cite in their Opposition holding that a "misrepresentation alone is enough to meet the highly offensive bar" because the court did "not find the[ir] reasoning persuasive." *Id.* (citing *Wiley v. Universal Music Grp.*, 2025 WL 3654085, at *6 (N.D. Cal. Dec. 17, 2025); *Shah v.*

-5-                                    Case No. 3:26-cv-00739-JD
REPLY ISO DEF.'S MOTION TO DISMISS PLTFS.' COMPLAINT

*MyFitnessPal, Inc.*, 2026 WL 216334, at *3 (N.D. Cal. Jan. 27, 2026)). *Garcia* should be followed because, for standing purposes, it more faithfully considers the two elements of an intrusion upon seclusion at common law—(1) an intrusion into a private place, conversation, or matter, (2) *in a manner highly offensive to a reasonable person*—and avoids wholly supplanting the Article III privacy-harms analysis with a pure fraud or misrepresentation standard.

Plaintiffs allege nothing more than collection of interactions—browsing information about automotive glass services and pricing—on a single Website. They "do[] not explain how the tracking of [their] interactions with the [Website] caused [them] to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Popa*, 153 F.4th at 791. Accordingly, Plaintiffs lack Article III standing.

## V. PLAINTIFFS' CLAIMS ARE SUBJECT TO AND FAIL TO SATISFY RULE 9(B).

Plaintiff's claims fail to satisfy Rule 9(b). *First*, all of Plaintiffs' claims are subject to Rule 9(b). The alleged misrepresentation in Safelite's cookie banner is the cornerstone of this case and their allegations of fraud are pervasive in the Complaint. The alleged misrepresentation is also front-and-center in the Opposition's substantive arguments. Accordingly, Rule 9(b) applies to all of Plaintiffs' claims. *de Ayora*, 2025 WL 3707561, at *3. *Second*, Plaintiffs' arguments in Opposition that they allege the who, what, when, where, and how of fraud are simply wrong. Plaintiffs argue they allege the "where" by identifying "the Website and its pop-up screens" and the "when" by alleging "during the class period." (Opp. at 6:5–6, 6:9.) To the contrary, alleging "the Website" and the *four-year* class period does not allege the "where" and "when" with Rule 9(b) particularity. *See de Ayora*, 2025 WL 3707561, at *3; *Shah*, 2026 WL 216334, at *9 (allegations of website visits "in the last four years" failed Rule 9(b) because that "level of generality fails to provide [the defendant] with notice of the misconduct alleged.").

Plaintiffs' authorities are also distinguishable because the plaintiffs each identified the timing of website visits by month and year. *See Gabrielli v. Haleon*, 815 F. Supp. 3d 852, 860 (N.D. Cal. 2025); *Rest. Brands Int'l, Inc.*, 2025 WL 3268404, at *1; *Gabrielli v. Motorola Mobility, LLC,* 2025 WL 1939957, at *1 (N.D. Cal. July 14, 2025). Additionally, in *Walsh v. Dollar Tree Stores, Inc.*, 2025 WL 2939229, at *1 (N.D. Cal. Oct. 16, 2025) defendant Dollar Tree

sought judicial notice of the cookie banner which essentially provided the effective date of the misrepresentation and cookie banner containing it. *Id.* at *1–2. Ultimately, Plaintiffs' claims fail because they do not allege fraud with the particularity required by Rule 9(b).

## VI.    PLAINTIFFS' COMMON LAW PRIVACY CLAIMS FAIL

For primarily the same reasons Plaintiffs fail to allege a harm analogous to an intrusion upon seclusion, Plaintiffs' intrusion upon seclusion and invasion of privacy causes of action are inadequately pled. California law imposes an extremely high bar for invasion of privacy claims—one that Plaintiffs cannot meet, even at the pleading stage, without concrete allegations of sensitive data collection. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) ("The California Constitution sets a 'high bar' for establishing an invasion of privacy claim."). At bottom, Plaintiffs do not allege enough facts to adequately allege a privacy interest in the information at issue or a highly offensive intrusion thereof.

## VII.   PLAINTIFFS' CIPA CLAIMS ARE INADEQUATELY PLED

### A.    Plaintiffs' Section 631(a) Claims Are Inadequately Pled

Plaintiffs assert that they have adequately alleged that "contents of communications" were "intercepted in transit." Neither assertion is correct. *First*, with regard to the contents of communications, Plaintiffs' argue that "Defendant asks this Court to dismiss Plaintiffs' CIPA claims simply because they do not allege specific information that they typed into a field on the Website." (Opp'n at 12.) That may have been so—if Plaintiffs actually alleged they used or viewed any "field" on the Website at all. Instead, the Complaint lacks sufficient facts altogether about what was transmitted. The Court need not infer Buehler did anything more than click on links on the Website based on his allegation that he "obtain[ed] pricing information." (Compl. ¶ 132.) Winston's allegations are even more threadbare, alleging only that he "visited the Website to seek and obtain information about Safelite's services . . . ." (*Id.* ¶ 121.) These allegations of at most, clicking onto or around the Website do not allege "contents" were collected and intercepted. *See In re Zynga Priv. Litig.*, 750 F.3d 1098, 1102, 1107–08 (9th Cir. 2014) (rejecting the notion that descriptive URLs created after clicking a link on a website constitutes a communication with contents under ECPA, CIPA's federal analog). Plaintiffs do not allege that they entered search

queries or any other substantive content. Ultimately, Plaintiffs rely on generalized assertions about the capabilities of third-party cookies and boilerplate categories—but that is not enough. Absent allegations about their own user input communications, their claims fail as a matter of law. *See Universal Music Grp., Inc.*, 2025 WL 3654085, at *7.

*Second*, the Complaint fails to allege an interception in transit. Plaintiffs point to the Complaint's general allegations about how the alleged web-tracking technology at issue is capable of functioning. (*See* Opp'n at 12–13 (citing Compl. ¶¶ 4, 42, 44, 51–114, 183).) The Complaint does not allege that Plaintiffs sent any communications to the Website. As a result, Plaintiffs cannot plead a contemporaneous interception. *E.g.*, *D'Antonio*, 2026 WL 446310, at *4; *MyFitnessPal, Inc.*, 2026 WL 216334, at *7 (dismissing Section 631(a) claim because plaintiffs "d[id] not allege that, in interacting with [defendant's] website, they personally engaged in any communications with the websites whose content could have been intercepted") (collecting cases). Moreover, given that Plaintiffs do not allege what cookies were installed or triggered after their interactions with the Website, it is unclear what third party they are alleging performed the interception.

Further, Plaintiffs' argument that the in transit element is satisfied because the alleged tracking "continues across websites and across multiple browsing sessions, for the purpose of compiling extensive user profiles" still does not suffice. (Opp'n at 4.) As courts have recognized, "[r]eading or learning the contents of a communication requires 'some effort at understanding the substantive meaning' of the communication." *Doe v. Eating Recovery Ctr.*, 806 F. Supp. 3d 1109, 1117 (N.D. Cal. 2025) (citation omitted). The after-the-fact building of profiles based on data received does not plausibly allege an interception in transit. *See Crano v. Sojern, Inc.*, 2025 WL 2689267, at *7 (N.D. Cal. Sept. 19, 2025) (allegations that a hotel website caused to be "collect[ed] as much information relating to a hotel guest as possible all from different sources . . . store[d] that information in a centralized location . . . where it matche[d] data points and create[d] detailed profiles" were insufficient to allege anything but a re-directing of data to a third party).

The cases Plaintiffs rely upon are readily distinguishable. In *Doe v. Tenet Healthcare Corp.*, the plaintiffs alleged the Meta Pixel tracked patients who used a healthcare defendant's

website and patient portal to research treatments, search for doctors, make appointments, and review medical records. 789 F. Supp. 3d 814, 838 (E.D. Cal. 2025). In *Valenzuela v. Keurig Green Mountain, Inc.*, the plaintiffs alleged use of an embedded chat feature to communicate in real time with the defendant. 674 F. Supp. 3d 751, 759 (N.D. Cal. 2023). Here, Plaintiffs offer nothing more than broad, conclusory assertions that their communications were potentially "intercepted" in "real time" by third parties. These threadbare allegations fall far short of what is required to plead a contemporaneous interception under Section 631(a).

### B.      Plaintiffs' CIPA Section 638.51 Claims Are Inadequately Pled

Plaintiffs' Opposition makes a series of disjointed arguments before falling back onto an improper theory of alternative pleading. Consistent with the Complaint's strategic vagueness, Plaintiffs argue first that they do not allege that "*every* third-party cookie eavesdrops on the contents of private communications in all cases" and, second, that some component of a given tracking technology can qualify as a "process" under Section 638.50(b), even if another component of the same technology records or decodes contents. (Opp'n at 14.)(emphasis in original). But the Complaint does not allege such theories at all, let alone with Rule 9(b) particularity. It not only fails to allege which cookies were deployed to Plaintiffs' browsers or devices, it fails to allege which ones *only* collect "routing, addressing, or signaling information." It does not allege a particular component that could qualify as "process" at all. Plaintiffs cannot invent entirely new theories in their Opposition with no supporting facts in the Complaint. *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *3 (N.D. Cal. Jan. 20, 2026) (holding under federal pleading and notice standards that, because plaintiffs' theory that "processes within Apple's Apps, not the applications as a whole" operated as pen registers was not alleged in the operative pleading, plaintiffs could "not amend the FAC through their brief" (citation omitted)).

Next, Plaintiffs cite no authority to support their argument that the "caveat that pen registers do not record the contents of communications is most reasonably interpreted to mean that devices or processes that *only* record the contents of communications are not pen registers." (Opp'n at 14.) Plaintiffs' proposed construction fails to harmonize Sections 638.50 and 638.51 with each other and CIPA as a whole—in contrast to Safelite's proposed construction. *See Skidgel*

REPLY ISO DEF.'S MOTION TO DISMISS PLTFS.' COMPLAINT

*v. Cal. Unemployment Ins. Appeals Bd.*, 12 Cal. 5th 1, 14 (2021) ("[W]e construe the words in question in context, keeping in mind the statutes' nature and obvious purposes. . . . We must harmonize the various parts of the enactments by considering them in the context of the statutory framework as a whole." (cleaned up)). Immediately after the "but not" limitation in Section 638.50(b), the next sentence states devices or processes the definition of pen register "does not include." If the Legislature meant to exclude devices that *only* record or decode contents, it could have expressly done so by writing the contents-exclusion as "but not *only* contents of communications" or including such an exclusion under the other express exclusions under Section 638.50(b). It did not, so Plaintiff's proposed construction should be rejected.

Finally, Plaintiffs' argument they pled their wiretapping and pen register claims in the alternative is not supported by the Complaint. (*Compare* Opp'n at 14, *with* Compl. ¶¶ 191–201.) In *In re Apple Data Privacy Litigation*, the court ruled that plaintiffs could not plead their pen register claim in the alternative to their Section 632 claim when, like here, the pen register claim expressly realleged and incorporated by reference the preceding paragraphs. 2026 WL 146025, at *5 (N.D. Cal. Jan. 20, 2026); (*see also* Compl. ¶ 191). Their claim should be dismissed.

**VIII.   UNDER ENRICHMENT**

**VIII.   <u>UNJUST ENRICHMENT</u>**

Plaintiffs' assertion that they have adequately alleged that Safelite unjustly retained the "benefit" of invading their privacy and unspecified "profits" is incorrect. To state an unjust enrichment claim, Plaintiffs must identify a specific benefit Safelite received and an actionable misrepresentation. *See California Crane Sch., Inc. v. Google LLC*, 722 F. Supp. 3d 1026, 1042 (N.D. Cal. 2024). Plaintiffs do not allege that Safelite itself builds user profiles, profits from such profiles, or that Plaintiffs ever received a targeted advertisement. Nor does the Complaint allege— beyond conclusory speculation—that Safelite profited from Plaintiffs' data. Because the Complaint is devoid of facts plausibly alleging Safelite received any benefit from Plaintiffs' data, the unjust enrichment claim must be dismissed.

**IX.   <u>CONCLUSION</u>**

For the reasons argued in Defendant Safelite Group, Inc.'s Motion to Dismiss and in this Reply, the Court should dismiss Plaintiffs' Complaint.

Dated:  May 11, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____/s/ Wynter L. Deagle_____
WYNTER L. DEAGLE
ANNE-MARIE D. DAO
SAMUEL Z. HYAMS-MILLARD

Attorneys for Defendant
Safelite Group, Inc.