SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppard.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppard.com
TERESA R. MORIN, Cal Bar No. 351874
tmorin@sheppard.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

SAMUEL Z. HYAMS-MILLARD, Cal Bar No. 317941
shyams-millard@sheppard.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947

Attorneys for Defendant
Safelite Group, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL WINSTON and DAVID BUEHLER, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFELITE GROUP, INC.,<br><br>Defendant. | Case No. 3:26-cv-00739-JD<br><br>**DEFENDANT SAFELITE GROUP, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR INVASION OF PRIVACY; INTRUSION UPON SECLUSION; WIRETAPPING IN VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT (CALIFORNIA PENAL CODE § 631); USE OF A PEN REGISTER IN VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT (CALIFORNIA PENAL CODE § 638.51); COMMON LAW FRAUD, DECEIT AND/OR MISREPRESENTATION; AND UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:    James Donato<br>Trial Date:  June 12, 2028 |

Defendant Safelite Group, Inc. ("Defendant") hereby answers the Class Action Complaint ("Complaint," ECF No. 1) filed by Plaintiffs Michael Winston and David Buehler, individuals on behalf of themselves, the general public, and those similarly situated, and submits affirmative defenses as follows.[1]   All allegations not expressly admitted or responded to by Defendant are denied.

## **INTRODUCTION**[2]

1.      Defendant admits that Plaintiff purports to bring this lawsuit as a class action. Defendant denies that there were any egregious violations of consumer privacy and breach of consumer trust in violation of California law.  Defendant admits that Defendant's website is www.safelite.com (the "Website") and further that the Website displays a popup cookie consent banner.  Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 1, and therefore denies them.

2.      Defendant admits that the Website includes certain technology obtained from third parties.  Defendant denies the remaining allegations of Paragraph 2.

3.      Defendant denies the allegations of Paragraph 3 of the Complaint.

4.      Defendant denies the allegations of Paragraph 4 of the Complaint.

5.      Defendant denies the allegations of Paragraph 5 of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of what Website visitors "sought to avoid" as alleged in Paragraph 6, and therefore denies them.  Defendant denies that it has made any false statements or violated any state statutes or tort duties.  To the extent a further response is required, all of the remaining allegations of Paragraph 6 of the Complaint are denied.

---

[1] The referenced Complaint was filed by plaintiffs Michael Winston and David Buehler.  David Buehler was dismissed on May 28, 2026 (ECF 26), and so Defendant Answers for itself against Michael Winston, an individual and on behalf of himself, the general public, and those similarly situated.

[2] For ease of review, Defendant utilizes the same headings as Plaintiff.  Defendant's use of Plaintiff's headings in no way constitute an admission of Plaintiff's allegations therein, or that previous Plaintiff David Buehler's claims have any merit.

**THE PARTIES**

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies them.

8.      The allegations in Paragraph 8 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 8 requires an answer, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9.      Defendant admits that it is a Delaware corporation with its headquarters in Columbus, Ohio.  The allegations in Paragraph 9 regarding where Defendant has its "principal place of business" constitute a legal conclusion or argument and do not require a response.

**JURISDICTION AND VENUE**

10.      Paragraph 10 of the Complaint constitutes a legal conclusion or argument and does not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.

11.      Paragraph 11 of the Complaint constitutes a legal conclusion or argument and does not require a response.  To the extent a response is required, denied.

12.      Paragraph 12 of the Complaint constitutes a legal conclusion or argument and does not require a response.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.      Paragraph 13 of the Complaint constitutes a legal conclusion or argument and does not require a response.  To the extent a response is required, denied.

14.      Paragraph 14 of the Complaint constitutes a legal conclusion or argument and does not require a response.  To the extent a response is required, denied.

## TOLLING AND RELATED ARBITRATION PROCEEDINGS

15.    Defendant denies that the delayed discovery rule applies to Plaintiffs' claims. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17.    Defendant's Websites Terms of Service speaks for itself.  To the extent a response is required to Paragraph 17, Defendant admits that the Website currently includes a Terms of Service.  Defendant lacks knowledge or information sufficient to form a belief about which version of the Terms of Service Plaintiffs allege, and, as result, denies all remaining allegations set forth in Paragraph 17 of the Complaint.

18.    Former Plaintiff Buehler's demand for arbitration speaks for itself.  Defendant denies all remaining allegations in Paragraph 18 of the Complaint.

19.    The AAA's procedural assignment of an arbitrator speaks for itself.  To the extent a response is required to the allegations set forth in Paragraph 19 of the Complaint, admitted.

20.    The Arbitrator's stated basis for holding a December 30, 2024 hearing in the arbitration speaks for itself.  To the extent a response is required to the allegations set forth in Paragraph 20 of the Complaint, admitted.

21.    The Final Order/Award attached as Exhibit B to the Complaint speaks for itself. To the extent a response is required to the allegations set forth in Paragraph 21 of the Complaint, Defendant admits that the Arbitrator concluded as alleged in Paragraph 21, but Defendant denies that the Arbitrator received evidence that supported Plaintiff Buehler's position in the arbitration and denies that the Arbitrator's ruling has any applicability to Plaintiff Winston or any other individual, plaintiff, or claimant with respect to Safelite.

22.    Defendant denies the allegations of Paragraph 22 of the Complaint.

/ / /

/ / /

# SUBSTANTIVE ALLEGATIONS

**A.    Defendant Programmed the Website to Include Third-Party Resources that Utilize Cookie Based Tracking Technologies.**

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint, including to the extent such allegations pertain to "every website," and therefore denies them.

24.    Defendant admits that Paragraph 24 includes one way to describe an "IP address" but denies that this description is complete and/or the only way in which to describe an "IP address."  To the extent a further response is required, all of the remaining allegations of Paragraph 24 of the Complaint are denied.

25.    Defendant denies the allegations of Paragraph 25 of the Complaint.

26.    Defendant admits that it uses certain technologies provided by third parties on certain portions of the Website and that at least some of said technologies are subject to agreements between Defendant and third parties.  Defendant denies the remaining allegations of Paragraph 26.

27.    Defendant admits that it uses certain cookies provided by third parties on certain portions of the Website.  Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 27 of the Complaint, and therefore denies them.  To the extent a further response is required, denied.

28.    Defendant admits that Paragraph 28 includes one way in which to describe "first-party cookies" but denies that this description is complete and/or the only way in which to describe "first-party cookies."  To the extent a further response is required, all of the remaining allegations of Paragraph 28 of the Complaint are denied.

29.    Defendant admits that Paragraph 29 includes one way in which to describe "third-party cookies" but denies that this description is complete and/or the only way in which to describe "third-party cookies."  To the extent a further response is required, all of the remaining allegations of Paragraph 29 of the Complaint are denied.

30.    Defendant admits that a variety of cookies exist, which can be used for different

purposes. Defendant denies Plaintiff's characterization of the purpose and use of third-party cookies. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 30 of the Complaint, and therefore denies them.

31.    Defendant admits that Paragraph 31 includes one way in which to describe uses for "third-party cookies" but denies that this description is complete and/or the only way in which to describe uses for "third-party cookies." Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 31 of the Complaint, and therefore denies them.

32.    Defendant admits that it provides automotive and glass repair and replacement services in the United States. Defendant further admits it offers these services to consumers, insurers, and fleet operators through its Website. Defendant denies the remaining allegations in Paragraph 32.

33.    Defendant admits that it utilizes third-party resources, including cookies, on certain portions of the Website. Defendant denies the remaining allegations of Paragraph 33.

34.    Defendant admits that the Website includes a Privacy Policy. Defendant responds that the information set forth in the cited Privacy Policy speaks for itself. To the extent the allegations in Paragraph 34 attempt to interpret the information or offer a legal conclusion as to the meaning of the Privacy Policy's terms, Defendant denies any such interpretation or conclusion. To the extent a further response is required, all of the remaining allegations of Paragraph 34 of the Complaint are denied.

35.    Defendant's "Privacy Preferences" window on its Website speaks for itself. To the extent a further response is required, all of the allegations of Paragraph 35 of the Complaint are denied.

**B.    Defendant Falsely Informed Users That They Could Decline or Reject the Website's Use of Cookies.**

36.    Defendant admits that when users of the Website currently visit it, a popup cookie consent banner appears. Defendant further responds that the information set forth in the cited

-6-                                   Case No. 3:26-cv-00739-JD

popup cookie consent banner speaks for itself.  To the extent the allegations in Paragraph 36 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, all of the remaining allegations of Paragraph 36 of the Complaint are denied.

37.    Defendant responds that the "Privacy Preferences" window speaks for itself.  To the extent the allegations in Paragraph 37 attempt to interpret the information, Defendant denies any such interpretation.  Defendant further lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 37 regarding what Plaintiffs did or viewed, and therefore denies them.  To the extent a further response is required, all of the remaining allegations of Paragraph 37 of the Complaint are denied.

38.    Defendant responds that the "Privacy Preferences" window speaks for itself. Defendant further lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 38 regarding what Plaintiffs and other Website users did or viewed, and therefore denies them.  To the extent a further response is required, all of the remaining allegations of Paragraph 38 of the Complaint are denied.

39.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 39, and therefore denies them.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies them.

43.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies them.

44.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies them.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies them.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in the final sentence of Paragraph 47 of the Complaint, and therefore denies them.  Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

**C.    The Private Communications Intercepted and Collected Through Third-Party Cookies on Defendant's Website.**

**1.    The Website Causes the Interception of the Contents of Communications**

48. Defendant admits the allegations in paragraph 48 of the Complaint that the Website includes a search bar and other input fields.  Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 48 of the Complaint, and therefore denies them.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 49 of the Complaint, and therefore denies them.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

**2.    Facebook Cookies**

51. Defendant admits that it utilizes certain cookies provided by Meta (Facebook) on the Website.  Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 51 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint, and therefore denies them.

52. Defendant lacks knowledge or information sufficient to form a belief about the

truth or falsity of the allegations set forth in Paragraph 52 of the Complaint, and therefore denies them.

53.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 53 of the Complaint, and therefore denies them.

54.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 54 of the Complaint, and therefore denies them.

55.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 55 of the Complaint, and therefore denies them.

56.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 56 of the Complaint, and therefore denies them.

57.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 57 of the Complaint, and therefore denies them.

58.    Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 58 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 58 of the Complaint, and therefore denies them.

59.    Defendant responds that the information contained at the cited link speaks for itself.  To the extent the allegations in Paragraph 59 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 59 of the Complaint, and therefore denies them.

60.    Defendant lacks knowledge or information sufficient to form a belief about the

-9-    Case No. 3:26-cv-00739-JD

truth or falsity of the allegations set forth in Paragraph 60 of the Complaint, and therefore denies them.

61.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 61 of the Complaint, and therefore denies them.

62.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 62 of the Complaint, and therefore denies them.

63.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 63 of the Complaint, and therefore denies them.

**3.    Google Cookies**

64.    Defendant admits that it utilizes certain cookies provided by Google on the Website.  Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 64 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant further lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 64, and therefore denies them.

65.    Defendant responds that the information contained at the cited link speaks for itself.  To the extent the allegations in Paragraph 65 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant further lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 65, and therefore denies them.

66.    Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 66 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 66 of the Complaint, and therefore denies them.

67.     Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 67 attempt to interpret the information, Defendant denies any such interpretation. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 67 of the Complaint, and therefore denies them.

68.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 68 of the Complaint, and therefore denies them.

69.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 69 of the Complaint, and therefore denies them.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 70 of the Complaint, and therefore denies them.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 71 of the Complaint, and therefore denies them.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 72 of the Complaint, and therefore denies them.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 73 of the Complaint, and therefore denies them.

74.     Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 74 attempt to interpret the information, Defendant denies any such interpretation. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 74 of the Complaint, and therefore denies them.

75.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 75 of the Complaint, and therefore denies them.

76.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 76 of the Complaint, and therefore denies them.

77.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 77 of the Complaint, and therefore denies them.

78.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 78 of the Complaint, and therefore denies them.

79.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 79 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 79 of the Complaint, and therefore denies them.

80.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 80 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 80 of the Complaint, and therefore denies them.

**4.    Microsoft Bing Cookies**

81.    Defendant admits that it utilizes certain cookies provided by Microsoft on the Website.  Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 81 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set

forth in Paragraph 81 of the Complaint, and therefore denies them.

82.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 82 of the Complaint, and therefore denies them.

83.    Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 83 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 83 of the Complaint, and therefore denies them.

84.    Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 84 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 84 of the Complaint, and therefore denies them.

85.    Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 85 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 85 of the Complaint, and therefore denies them.

86.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 86 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 86 of the Complaint, and therefore denies them.

### 5.    TikTok Cookies

87.    Defendant admits that it utilizes certain cookies provided by TikTok on the Website.  Defendant responds that the information contained at the cited link speaks for itself.  To the extent the allegations in Paragraph 87 attempt to interpret the information, Defendant denies

any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 87 of the Complaint, and therefore denies them.

88.    Defendant responds that the information contained in the cited portion of TikTok's website speaks for itself.  To the extent the allegations in Paragraph 88 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 88 of the Complaint, and therefore denies them.

89.    Defendant responds that the information contained in the cited portion of TikTok's website speaks for itself.  To the extent the allegations in Paragraph 89 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 89 of the Complaint, and therefore denies them.

90.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 90 of the Complaint, and therefore denies them.

91.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 91 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations set forth in Paragraph 91 of the Complaint, and therefore denies them.

92.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 92 of the Complaint, and therefore denies them.

93.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 93 of the Complaint, and therefore denies

them.

94.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 94 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 94 of the Complaint, and therefore denies them.

95.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 95 of the Complaint, and therefore denies them.

96.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 96 of the Complaint, and therefore denies them.

97.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 97 of the Complaint, and therefore denies them.

98.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 98 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 98 of the Complaint, and therefore denies them.

99.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 99 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 99 of the Complaint, and therefore denies them.

**6.    Salesforce Cookies**

100.    Defendant admits that it utilizes certain cookies provided by Salesforce on the Website.  All of the remaining allegations of Paragraph 100 of the Complaint are denied.

101.    Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 101 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 101 of the Complaint, and therefore denies them.

102.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 102 of the Complaint, and therefore denies them.

103.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 103 of the Complaint, and therefore denies them.

**7.    LinkedIn Cookies**

104.    Defendant admits that it utilizes certain cookies provided by LinkedIn on the Website.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 104 of the Complaint, and therefore denies them.

105.    Defendant responds that the information contained at the cited links speaks for itself.  To the extent the allegations in Paragraph 105 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 105 of the Complaint, and therefore denies them.

106.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 106 of the Complaint, and therefore denies them.

107.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 107 of the Complaint, and therefore denies them.

108.    Defendant lacks knowledge or information sufficient to form a belief about the

truth or falsity of the allegations set forth in Paragraph 108 of the Complaint, and therefore denies them.

109.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 109 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 109 of the Complaint, and therefore denies them.

110.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 110 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 110 of the Complaint, and therefore denies them.

111.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 111 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 111 of the Complaint, and therefore denies them.

112.    Defendant responds that the information contained at the cited link speaks for itself. To the extent the allegations in Paragraph 112 attempt to interpret the information, Defendant denies any such interpretation.  To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 112 of the Complaint, and therefore denies them.

113.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 113 of the Complaint, and therefore denies them.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 114 of the Complaint, and therefore denies them.

DEFENDANT SAFELITE GROUP, INC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**D.     The Private Communications Collected are Valuable.**

115.    Defendant denies the allegations in Paragraph 115 of the Complaint.

116.    Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    Defendant responds that the information contained in the cited law review article speaks for itself.  To the extent a further response is required, all of the remaining allegations of Paragraph 118 of the Complaint are denied.

119.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 119 of the Complaint, and therefore denies them.

120.    Defendant denies the allegations in Paragraph 120 of the Complaint.

**PLAINTIFFS' EXPERIENCES**

**Plaintiff Winston**

121.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 121 of the Complaint, and therefore denies them.

122.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 122 of the Complaint, and therefore denies them.

123.    Defendant admits that when individuals currently visit the Website, they are presented with a popup cookie consent banner.  Defendant further responds that the information contained in the popup cookie consent banner speaks for itself.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 123 of the Complaint, and therefore denies them.

124.    As to the allegations regarding Plaintiff's browsing actions or what he viewed, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 124 of the Complaint, and therefore denies them.  To the extent a further response is required, all of the remaining allegations of Paragraph 124 of the

Complaint are denied.

125. As to the allegations regarding Plaintiff's state of mind while visiting the Website, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 125 of the Complaint, and therefore denies them. To the extent a further response is required, all of the remaining allegations of Paragraph 125 of the Complaint are denied.

126. As to the allegations regarding Plaintiff's reliance, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 126 of the Complaint, and therefore denies them. To the extent a further response is required, all of the remaining allegations of Paragraph 126 of the Complaint are denied.

127. As to the allegations regarding Plaintiff's devices, Plaintiff's knowledge, and what any Third Parties received, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 127 of the Complaint, and therefore denies them. To the extent a further response is required, all of the remaining allegations of Paragraph 127 of the Complaint are denied.

128. As to the allegations regarding Plaintiff's reliance, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 128 of the Complaint, and therefore denies them. To the extent a further response is required, all of the remaining allegations of Paragraph 128 of the Complaint are denied.

129. Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 130 of the Complaint, and therefore denies them.

**Plaintiff David Buehler**

131. The allegations in Paragraph 131 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required. To the extent that Paragraph 131 requires an answer, Defendant denies the allegations in Paragraph 131.

132. The allegations in Paragraph 132 relate to Plaintiff David Buehler, who has been

dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 132 requires an answer, Defendant denies the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 133 requires an answer, Defendant denies the allegations in Paragraph 133.

134.    The allegations in Paragraph 134 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 134 requires an answer, Defendant denies the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 135 requires an answer, Defendant denies the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 136 requires an answer, Defendant denies the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 137 requires an answer, Defendant denies the allegations in Paragraph 137.

138.    The allegations in Paragraph 138 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 138 requires an answer, Defendant denies the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 139 requires an answer, Defendant denies the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 relate to Plaintiff David Buehler, who has been dismissed from this case (*see* ECF No. 26), and so no answer is required.  To the extent that Paragraph 140 requires an answer, Defendant denies the allegations in Paragraph 140.

## CLASS ALLEGATIONS

141.    Defendant admits that Plaintiff purports to bring this lawsuit as a class action under

Rule 23 of the Federal Rules of Civil Procedure, and that Plaintiff purports to provide a class definition. Defendant denies the allegations in Paragraph 141 that any group of similarly situated persons exists. To the extent Paragraph 141 alleges Plaintiff's claims and/or the class definition is appropriate for class certification, those allegations constitute a legal conclusion or argument and do not require a response. To the extent a response is required, denied.

142. Paragraph 142 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

143. Paragraph 143 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

144. Paragraph 144 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

145. Paragraph 145 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

146. Paragraph 146 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

147. Paragraph 147 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

148. Paragraph 148 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Invasion of Privacy)**

149. Defendant restates and incorporates by reference its answers to paragraphs 1 through 148.

150. Paragraph 150 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

151. Defendant responds that the cited statutes speak for themselves. Defendant denies all of the remaining allegations in Paragraph 151 of the Complaint.

152. As to the allegations in Paragraph 152 regarding Plaintiff's and proposed Class members' expectations, conduct, and beliefs, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 152 of the Complaint, and therefore denies them. To the extent a further response is required, all of the remaining allegations of Paragraph 152 of the Complaint are denied.

153. Defendant responds that the cited statute speaks for itself. To the extent the allegations in Paragraph 153 attempt to interpret the statute, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 153 of the Complaint are denied.

154. Defendant denies the allegations in Paragraph 154 of the Complaint.

155. Defendant denies the allegations in Paragraph 155 of the Complaint.

156. Defendant denies the allegations in Paragraph 156 of the Complaint.

157. Defendant denies the allegations in Paragraph 157 of the Complaint.

158. Defendant denies the allegations in Paragraph 158 of the Complaint.

159. Defendant denies the allegations in Paragraph 159 of the Complaint.

160. Defendant denies the allegations in Paragraph 160 of the Complaint.

## SECOND CAUSE OF ACTION

### (Intrusion Upon Seclusion)

161. Defendant restates and incorporates by reference its answers to paragraphs 1 through 160.

162. Paragraph 162 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

163. Defendant denies the allegations in Paragraph 163 of the Complaint.

164. Defendant denies the allegations in Paragraph 164 of the Complaint.

165. Defendant denies the allegations in Paragraph 165 of the Complaint.

166. Defendant denies the allegations in Paragraph 166 of the Complaint.

167. Defendant denies the allegations in Paragraph 167 of the Complaint.

168. Defendant denies the allegations in Paragraph 168 of the Complaint.

-22-                                    Case No. 3:26-cv-00739-JD

169. Defendant denies the allegations in Paragraph 169 of the Complaint.

170. Defendant denies the allegations in Paragraph 170 of the Complaint.

## THIRD CAUSE OF ACTION

### (Wiretapping in Violation of the California Invasion of Privacy Act

### (California Penal Code § 631))

171. Defendant restates and incorporates by reference its answers to paragraphs 1 through 170.

172. Defendant responds that the statute speaks for itself. To the extent the allegations in Paragraph 172 attempt to interpret the statute, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 172 of the Complaint are denied.

173. Defendant responds that the case cited speaks for itself. To the extent the allegations in Paragraph 173 attempt to interpret the caselaw, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 173 of the Complaint are denied.

174. Defendant responds that the case cited speaks for itself. To the extent the allegations in Paragraph 174 attempt to interpret the caselaw, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 174 of the Complaint are denied.

175. Paragraph 175 of the Complaint constitutes a legal conclusion or argument and does not require a response. Defendant further responds that the cited cases and statute speak for themselves. To the extent the allegations in Paragraph 175 attempt to interpret the information, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 175 of the Complaint are denied.

176. Paragraph 176 of the Complaint constitutes a legal conclusion or argument and does not require a response. Defendant further responds that the cited statute speaks for itself. To the extent the allegations in Paragraph 176 attempt to interpret the statute, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of

Paragraph 176 of the Complaint are denied.

177.    Paragraph 177 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

178.    Paragraph 178 of the Complaint constitutes a legal conclusion or argument and does not require a response. Defendant further responds that the cited cases speak for themselves. To the extent the allegations in Paragraph 178 attempt to interpret the caselaw, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 178 of the Complaint are denied.

179.    Paragraph 179 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a further response is required, all of the remaining allegations of Paragraph 179 of the Complaint are denied.

180.    Defendant responds that the cases cited speak for themselves. To the extent the allegations in Paragraph 180 attempt to interpret the caselaw, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 180 of the Complaint are denied.

181.    Paragraph 181 of the Complaint constitutes a legal conclusion or argument and does not require a response. Defendant further responds that the cited statute speaks for itself. To the extent the allegations in Paragraph 181 attempt to interpret the statute, Defendant denies any such interpretation. To the extent a further response is required, all of the remaining allegations of Paragraph 181 of the Complaint are denied.

182.    Defendant denies the allegations in Paragraph 182 of the Complaint.

183.    Defendant denies the allegations in Paragraph 183 of the Complaint.

184.    Defendant denies the allegations in Paragraph 184 of the Complaint.

185.    Defendant denies the allegations in Paragraph 185 of the Complaint.

186.    Defendant denies the allegations in Paragraph 186 of the Complaint.

187.    Defendant denies the allegations in Paragraph 187 of the Complaint.

188.    Defendant denies the allegations in Paragraph 188 of the Complaint.

189.    Defendant denies the allegations in Paragraph 189 of the Complaint.

190.    Defendant denies the allegations in Paragraph 190 of the Complaint.

## FOURTH CAUSE OF ACTION

**(Use of a Pen Register in Violation of the California Invasion of Privacy Act**

**(California Penal Code § 638.51))**

191.    Defendant restates and incorporates by reference its answers to paragraphs 1 through 190.

192.    Defendant responds that the statute cited speaks for itself.  To the extent the allegations in Paragraph 192 attempt to interpret the statute, Defendant denies any such interpretation.  To the extent a further response is required, all of the remaining allegations of Paragraph 192 of the Complaint are denied.

193.    Defendant responds that the statute cited speaks for itself.  To the extent the allegations in Paragraph 193 attempt to interpret the statute, Defendant denies any such interpretation.  To the extent a further response is required, all of the remaining allegations of Paragraph 193 of the Complaint are denied.

194.    Defendant responds that the statute cited speaks for itself.  To the extent the allegations in Paragraph 194 attempt to interpret the statute, Defendant denies any such interpretation.  To the extent a further response is required, all of the remaining allegations of Paragraph 194 of the Complaint are denied.

195.    Paragraph 195 of the Complaint constitutes a legal conclusion or argument and does not require a response.  Defendant further responds that the cited statute speaks for itself.  To the extent the allegations in Paragraph 195 attempt to interpret the statute, Defendant denies any such interpretation.  To the extent a further response is required, all of the remaining allegations of Paragraph 195 of the Complaint are denied.

196.    Paragraph 196 of the Complaint constitutes a legal conclusion or argument and does not require a response.  Defendant further responds that the cited cases speak for themselves.  To the extent the allegations in Paragraph 196 attempt to interpret the caselaw, Defendant denies any such interpretation.  To the extent a further response is required, all of the remaining allegations of Paragraph 196 of the Complaint are denied.

197.    Paragraph 197 of the Complaint constitutes a legal conclusion or argument and does not require a response.  Defendant further responds that the cited case speaks for itself.  To the extent the allegations in Paragraph 197 attempt to interpret the caselaw, Defendant denies any such interpretation.  To the extent a further response is required, all of the remaining allegations of Paragraph 197 of the Complaint are denied.

198.    Defendant denies the allegations in Paragraph 198 of the Complaint.

199.    Defendant denies the allegations in Paragraph 199 of the Complaint.

200.    Defendant denies the allegations in Paragraph 200 of the Complaint.

201.    Defendant responds that the statute cited speaks for itself.  To the extent the allegations in Paragraph 201 attempt to interpret the statute, Defendant denies any such interpretation.  Furthermore, Paragraph 201 of the Complaint constitutes a legal conclusion or argument and does not require a response.  To the extent a further response is required, all of the remaining allegations of Paragraph 201 of the Complaint are denied.

## FIFTH CAUSE OF ACTION

### (Common Law Fraud, Deceit and/or Misrepresentation)

202.    Defendant restates and incorporates by reference its answers to paragraphs 1 through 201.

203.    Defendant denies the allegations in Paragraph 203 of the Complaint.

204.    Defendant denies the allegations in Paragraph 204 of the Complaint.

205.    Defendant denies the allegations in Paragraph 205 of the Complaint.

206.    Defendant denies the allegations in Paragraph 206 of the Complaint.

207.    Defendant denies the allegations in Paragraph 207 of the Complaint.

208.    Defendant denies the allegations in Paragraph 208 of the Complaint.

209.    Defendant denies the allegations in Paragraph 209 of the Complaint.

210.    Defendant denies the allegations in Paragraph 210 of the Complaint.

211.    Defendant denies the allegations in Paragraph 211 of the Complaint.

212.    Defendant denies the allegations in Paragraph 212 of the Complaint.

213.    Defendant admits that Plaintiff purports to seek punitive damages.  Defendant

DEFENDANT SAFELITE GROUP, INC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

denies the remaining allegations in Paragraph 213 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment)

214.    Defendant restates and incorporates by reference its answers to paragraphs 1 through 213.

215.    Defendant denies the allegations in Paragraph 215 of the Complaint.

216.    Defendant denies the allegations in Paragraph 216 of the Complaint.

217.    Defendant denies the allegations in Paragraph 217 of the Complaint.

218.    Defendant denies the allegations in Paragraph 218 of the Complaint.

219.    Defendant denies the allegations in Paragraph 219 of the Complaint.

220.    Defendant denies the allegations in Paragraph 220 of the Complaint.

221.    Defendant denies the allegations in Paragraph 221 of the Complaint.

222.    Defendant denies the allegations in Paragraph 222 of the Complaint.

223.    Paragraph 223 of the Complaint constitutes a legal conclusion or argument and does not require a response.  To the extent a response is required, denied.

## PRAYER FOR RELIEF

Defendant denies any allegation in Plaintiff's prayer for Relief and denies the Plaintiff is entitled to any requested relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendant asserts the following affirmative defenses, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated here.  Defendant asserts each of these affirmative defenses in the alternative, without admitting that Defendant is in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. Without assuming any burden that it would not otherwise bear under applicable law and rules, and specifically reserving its right to assert additional defenses as additional information or materials become available through discovery or otherwise, Defendant hereby asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Standing/Jurisdiction)

1. The Court lacks subject matter jurisdiction over the claims asserted in the Complaint because Plaintiff and/or the putative class has not suffered any injury or harm cognizable under Article III of the United States Constitution.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiff's claims for relief, and/or those of the putative class, are time-barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3. Plaintiff's claims for relief, and those of the putative class, are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

4. The Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

5. Plaintiff and the putative class did not reasonably rely on any alleged misrepresentation or omissions and/or Plaintiff's and putative class's reliance was unreasonable.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Intent/Good Faith)

6. Defendant acted in good faith and without intent to harm, deceive, or defraud Plaintiff and/or the putative class, or to engage in any known wrongful act or violation of law. If any violation occurred, it was in error, notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.   Plaintiff's claims for relief, and those of the putative class, are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.   Plaintiff's claims for relief, and those of the putative class, are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

9.   All of Plaintiff's claims and/or those of the putative class are barred because Plaintiff and/or members of the putative class consented to any alleged Third Party software/code/cookies used on the Website.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.   Plaintiff's claims for relief, and/or those of the putative class, are barred, in whole or in part, by Plaintiff's own unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

11.   Plaintiff and the putative class did not suffer any damages and are not otherwise entitled to any monetary restitution because of any action taken by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.   Plaintiff and the putative class's claims are barred, in whole or in part, to the extent Plaintiff and the putative class failed to take reasonable and necessary steps to mitigate or prevent the alleged harm, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

13. Any damages that Plaintiff or the putative classes may have suffered were not directly or proximately caused, in whole or in part, by Defendant, and must be decreased to the extent the acts or omissions of Plaintiff, the putative classes, or any third party were the cause of those damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Relief)

14. Plaintiff and/or the putative class are not entitled to be awarded the relief sought against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

15. Plaintiff and the putative class cannot state a claim for attorneys' fees.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Award of Punitive Damages is Unconstitutional)

16. To the extent that Plaintiff and/or the putative class seeks punitive or exemplary damages in the Complaint, they violate the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

17. Plaintiff's claims and/or those of the putative class are barred due to the assumption of risk.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

18. Plaintiff, and the putative class, by their own conduct, caused or contributed to their

-30-                                    Case No. 3:26-cv-00739-JD

damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Negligence)

19.    Any damages allegedly sustained by Plaintiff and/or the putative class were caused by Plaintiff's and/or the putative class's own culpable conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Class Action)

20.    Class treatment is inappropriate due to lack of commonality, typicality, numerosity, ascertainability and adequacy, predominance, and because a class action is not otherwise a superior method of adjudicating this dispute.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Bonafide Error)

21.    The claims of Plaintiff and/or the putative class are barred, in whole or in part, because any violation of law was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

22.    Plaintiff's claim for unjust enrichment is barred because unjust enrichment is not a standalone cause of action under California law but rather a remedy, and Plaintiff has an adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Defenses)

23.    Defendant reserves the right to plead further defenses pending discovery, if any, and to assert all other defenses which are available under the Federal Rules of Civil Procedure and all applicable statutes and laws.

### DEMAND FOR JURY TRIAL

24.    Pursuant to Federal Rule of Civil Procedure 38, Defendant respectfully demands a trial by jury on all issues so triable in this action.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment and relief as follows:

1.    That Plaintiff and the putative classes are not afforded any relief and take nothing by this action;

2.    That a judgment of dismissal with prejudice be entered in favor of Defendant and against Plaintiff and the putative classes;

3.    That Defendant be awarded its costs of suit and reasonable attorneys' fees to the extent permitted by applicable law; and

4.    That Defendant be awarded such other and further relief as the Court deems just, equitable, and proper.

Dated:  June 18, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        */s/ Wynter L. Deagle*
WYNTER L. DEAGLE
ANNE-MARIE D. DAO
TERESA R. MORIN
SAMUEL Z. HYAMS-MILLARD

Attorneys for Defendant
Safelite Group, Inc.

DEFENDANT SAFELITE GROUP, INC'S ANSWER TO PLAINTIFF'S CLASS ACTION
COMPLAINT