**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
  todd@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Wynter L. Deagle (State Bar No. 296501)
  wdeagle@sheppardmullin.com
Anne-Marie D. Dao (State Bar No. 282632)
  adao@sheppard.com
Teresa R. Morin (State Bar No. 351874)
  tmorin@sheppardmullin.com
12775 El Camino Real, Suite 100
San Diego, CA 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Samuel Z. Hyams-Millard (State Bar No. 317941)
  shyams-millard@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Plaintiff*                    *Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WINSTON, an individual, on behalf of himself, the general public, and those similarly situated, | CASE NO. 3:26-cv-00739-JD |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| v. | Judge James Donato |
| SAFELITE GROUP, INC., | |
| Defendant. | |

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate ("Stipulation") to and request that the Court enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are

entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 13.4 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.    GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.    DEFINITIONS**

3.1    Action: This pending federal lawsuit, *Winston v. Safelite Group, Inc.*, Case No. 3:26-cv-00739-JD (N.D. Cal.).

3.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    CONFIDENTIAL Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), which may include:

(a)    Information that constitutes a trade secret in accordance with Uniform Trade Secrets Act;

(b)    Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(c)    Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party; and/or

(d)    other information or tangible things required by law or agreement to be kept confidential.

However, the protections conferred by this Order do not cover the following information:

(a)    any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and/or

(b)    any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.4    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE".

3.6    Disclosure of Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

STIPULATION AND [PROPOSED] PROTECTIVE ORDER – CASE NO. 3:26-CV-00739-JD

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

3.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: proprietary research, design and development materials for products and/or services, sensitive products and/or services, sensitive financial or technical material, and strategic decision-making information.

3.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.10    In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.12    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party, and their support staff.

3.13    Party: any party to this Action, including all of its officers, directors, employees, Experts, and Outside Counsel of Record (and their support staff).

3.14    Producing Party: a Party or non-Party that produces Disclosure or Discovery Material in this Action.

3.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) to a Party and their employees and contractors who have been retained by a Party or its counsel to provide litigation support services with respect to this Action.

3.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL — SOURCE CODE."

3.17    Receiving Party: a Party that received Disclosure or Discovery Material from a Producing Party.

## 4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentation by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.  This Stipulation and Order is not intended to, and does not, govern the inspection of source code. Should source code become relevant to this action and require inspection, the parties agree such inspection will be governed by a separate agreement or order and the parties agree to meet and confer on a separate protective order governing source code.

## 5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs. Final disposition shall be deemed to be the latter of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six (6) months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this Order.

## 6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Paragraph 6.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE"   to each page that contains Protected Material.  Where Protected Material is produced in native electronic format and the designated legend is included in the file name and/or on any slipsheets, any Party printing such Protected Material must include the slipsheet with the proper designated legend.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted within 30 days of receipt of the transcript ("30 day period"). Only those portions of the testimony that are appropriately designated for protection at the deposition or hearing and within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Any transcript that is prepared before the expiration of a 30 day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE.". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.

7.3     Judicial Intervention. If the Meet and Confer does not resolve the Parties' dispute as to the at-issue designations, the challenge may be submitted to the Court pursuant to the procedures described in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable). The burden of proving the confidentiality of designated persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has expressly waived the confidentiality designation or until the court has ruled on the disputed at-issue designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party

at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following individuals under the following conditions:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The Parties and the directors, officers, and employees (including In-House Counsel) who are assisting with or making decisions concerning this Action, only to the extent deemed reasonably necessary by the Receiving Party's Outside Counsel of Record for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order;

(c)    Experts (as defined in this Order) of the Producing Party may be shown or examined on any information, document or thing designated "CONFIDENTIAL" by the Producing Party;

(d)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

(f)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it is reasonably necessary in litigating the claims, it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the Producing Party at the time the information, document

or thing was created, or if the Producing Party consents to such disclosure, provided that any deponent who is no longer employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    any other person as to whom the Designating Party has consented to disclosure in advance;

(i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;.

(j)    such other persons as the parties may agree or may be ordered by the Court; and

(k)    any mediator or settlement officer, who is assigned or selected to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator who is assigned or selected to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

(h) any deponent may be shown or examined on any information, document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE"  it is reasonably necessary in litigating the claims, it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the Producing Party at the time the information, document or thing was created, or if the Producing Party consents to such disclosure, provided that any deponent who is no longer employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A);

## 9.    <u>SOURCE CODE</u>

(a)    To the extent production or disclosure of source code is requested, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 8.3.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at any office of the Producing Party's counsel

to be selected by the Receiving Party or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. Counsel and/or Experts shall be entitled to take notes (handwritten or electronic) relating to the Source Code, but may not copy the Source Code into such notes. All notes relating to Source Code created as provided in this section shall be designated as and treated as HIGHLY CONFIDENTIAL – SOURCE CODE material. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Receiving Party's representatives will be provided a separate secure room with a table and chairs at the office where the Source Code review occurs, where the Receiving Party's representatives will be able to work outside of the room with the Source Code Computer and store their belongings.

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 7 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not

- 12 -

convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE"  that Party must:

(a)    promptly notify in writing the Designating Party (by fax and email, if possible). Such notification must include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking production in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1   The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the Non-Party, if requested.

11.3   If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order from this Court, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court.[1] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER – CASE NO. 3:26-CV-00739-JD

Material. All disclosure and discovery disputes are subject to the undersigned's Standing Order Regarding Civil Discovery Disputes.

**12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to the Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**14.   MISCELLANEOUS**

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    No Modification of Privileges. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential research, development or commercial information to the extent such privilege exists under applicable law.

14.5    Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

14.6    Data Security.  Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Stipulated Protective Order.  As part of these Safeguards, each person must use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material.  Each person will ensure that anyone acting on that person's behalf is subject to and complies with the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

14.7    No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of material does not reflect agreement by the Parties that the disclosure

of such categories of material is required or appropriate in this Action.  The Parties reserve the right to argue that any particular category of information should not be produced.

## 15.    **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in Paragraph 5 above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 5 (DURATION), above.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 30, 2026

| **GUTRIDE SAFIER LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
|---|---|
| */s/      Rajiv V. Thairani* | */s/      Anne-Marie D. Dao* |
| Seth A. Safier (State Bar No. 197427) | Wynter L. Deagle (State Bar No. 296501) |
| seth@gutridesafier.com | wdeagle@sheppardmullin.com |
| Marie A. McCrary (State Bar No. 262670) | Anne-Marie D. Dao (State Bar No. 282632) |
| marie@gutridesafier.com | adao@sheppard.com |
| Todd Kennedy (State Bar No. 250267) | Teresa R. Morin (State Bar No. 351874) |
| todd@gutridesafier.com | tmorin@sheppardmullin.com |
| Rajiv V. Thairani (State Bar No. 344390) | 12775 El Camino Real, Suite 100 |
| rajiv@gutridesafier.com | |
| 100 Pine Street, Suite 1250 | |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER – CASE NO. 3:26-CV-00739-JD

San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

San Diego, CA 92130-4092
Telephone: (858) 720-8900
Facsimile:  (858) 509-3691

Samuel Z. Hyams-Millard (Bar No. 317941)
  shyams-millard@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Plaintiff*

*Attorneys for Defendant*

STIPULATION AND [PROPOSED] PROTECTIVE ORDER – CASE NO. 3:26-CV-00739-JD

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____ __, 2026

_____
District Judge James Donato

STIPULATION AND [PROPOSED] PROTECTIVE ORDER – CASE NO. 3:26-CV-00739-JD

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, in the case of *Winston v. Safelite Group, Inc.*, Case No. 3:26-cv-00739-JD (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER – CASE NO. 3:26-CV-00739-JD